25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Miquel Dwyne SHEARER, Plaintiff-Appellant,
v.
Tony DEHNER, Individually, and in his official capacity;
Glen Brown, Individually, and in his official capacity; R.
Pridemore, Individually, and in his official capacity, sued
as Randy Pridemore; Tommy White, Individually, and in his
official capacity; Raymond Sabbatine, Individually, and in
his official capacity, Defendants-Appellees.
 No. 93-6536.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1994.
 
 Before: KEITH and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Miquel Dwyne Shearer, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983, 1985 and 1986. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Shearer sued various personnel at the Fayette County Detention Center including the assistant director of detention (Dehner), a major (Brown), two captains (Pridemore and White) and the director of detention (Sabbatine), in both their individual and official capacities. Shearer alleged that the defendants: 1) denied him out-of-cell recreation in violation of his rights under the Eighth Amendment; 2) discriminated against him because of his race; 3) retaliated against him because of his legal related activities; 4) placed him in punitive segregation without a proper hearing; 5) interfered with his right of access to the courts; and 6) harassed him through various actions. Shearer also alleged that defendants violated his rights when he was prevented from making a phone call following his confinement to segregation.
 
 
 3
 A magistrate judge recommended that the district court sua sponte dismiss Shearer's telephone use claim and deny his renewed motion for a temporary restraining order. Upon review of the reports and the defendants' subsequently filed motion to dismiss, the district court adopted the magistrate judge's recommendations and dismissed the complaint because Shearer had not filed a response to the defendants' motion to dismiss and because his complaint failed to state a claim upon which relief could be granted. Shearer has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Shearer's complaint because, even if we accept his allegations as true, he undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). Because Shearer acknowledged that he is permitted at least one hour of recreation per day, his allegations do not state a claim for cruel and unusual punishment. See Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991); Walker v. Mintzes, 771 F.2d 920, 927 (6th Cir.1985). Shearer has not alleged facts sufficient to state a claim that the defendants purposefully discriminated against him because of his race. See Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir.1990). Moreover, Shearer has not stated a claim that the defendants retaliated against him because of his legal related activities, see Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977), or that their actions prejudiced his pending criminal or civil litigation concerning the conditions of his confinement. See Knop v. Johnson, 977 F.2d 996, 1000 (6th Cir.1992), cert. denied, 113 S.Ct. 1415 (1993). Finally, Shearer has not alleged facts sufficient to state a claim that he did not receive a proper administrative hearing. See Hewitt v. Helms, 459 U.S. 460, 476 (1983). He received all the process due him.
 
 
 5
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.